UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                     CRIMINAL ACTION

VERSUS                                                                         NO. 12-265

ROBERT KALUZA                                                      SECTION "K"(5)

AMENDED ORDER AND REASONS

Before the Court are Objections By the United States to the Defendant's Preliminary Exhibit List. (Doc. 378). Having reviewed the motion, the relevant documents , and the relevant law, the Court will first address the objections to email exhibits. After that, the Court will address the admissibility of the rest of the exhibits seriatim.

I.      EMAIL OBJECTIONS

The Government has objected to a number of exhibits that are emails or email threads on the basis that these documents do not constitute business records and/or relevancy. Whether an email string fits into the exception to the hearsay rule found in Fed. R. Evid. 803(6) is a complex question which requires an examination of the email in its entirety; there is no simple rule to employ. The Court finds the analysis contained in Judge Barbier's ruling of January 11, 2012, highly instructive as to the proper analysis to determine whether an email constitutes a "business record" as contemplated under Fed. R. Evid. 803(6).

As stated in *In re Oil Spill by the Oil Rig "Deepwater Horizon" I the Gulf of Mexico, on April 20, 2010*, 2012 WL 85447 (E.D.La. Jan. 11, 2012), there are six elements required to trigger the exceptions applicability which are as follows:

(1)     The email must have been sent or received at or near the time of the event(s) recorded in the email. Thus, one must look at each email's content

>    to determine whether the email was created contemporaneously with the sender's acquisition of the information within the email.
>
> (2) The email must have been sent by someone with knowledge of the event(s) documented in the email.  This requires a particularized inquiry as to whether the declarant—the composer of the email—possessed personal knowledge of the information in the email.
>
> (3) The email must have been sent or received in the course of a regular business activity, which requires a case-by-case analysis of whether the producing defendant had a policy or imposed a business duty on its employee to report or record the information within the email.
>
> (4) The email must be the producing defendant's regular practice to send or receive emails that record the type of event(s) documented in the email.  This would require proof of a policy of the producing defendant to use email to make certain types of reports or to send certain sorts of communications; it is not enough to say that as a general business matter, most companies receive and send emails as part of their business model.
>
> (5) A custodian or qualified witness must attest that these conditions have been fulfilled—which certainly requires an email-by-email inquiry.
>
> (6) The objecting defendant is permitted under the rule to argue that the particular email should be excluded due to concerns of lack of trustworthiness, based on the information source underlying the email content or the circumstances under which the email was sent and received.

*Id.* at *3 (emphasis added).

The conundrum presented by the intersection of the business record exception and emails was aptly described by the Fourth Circuit Court of Appeals:

> "Courts are in disagreement on whether emails can and should fall under th business records hearsay exception.  The business records exception assumes that records containing information necessary in the regular running of a business will be accurate and reliable.  *See Certain Underwriters at Lloyd's London v. Sinkovich*, 232 F.3d 200, 204-05 (4th Cir. 2000).  Email, however, is typically a more casual form of communication than other records usually kept in the course of business, such that it may not be appropriate to assume the same degree of accuracy and reliability.  As email is more commonly used to communicate business matters both internally and externally, however, mor form paper records are becoming more unusual."

*United States v. Cone*, 714 F.3d 197, 219-20 (4th Cir. 2013) citing *It's My Party, Inc. v. Live Nation, Inc.*, 2012 WL 3655470 at *5 (D.Md. Aug. 23, 2012).  Indeed, often an email takes the place of a telephone conversation for which there is no exception to the hearsay rule or it contains double or triple hearsay.

Moreover, in addressing the admissibility of these exhibits, the Court will consider the relevancy of the exhibit, the cumulative nature of the exhibit and any other posited reason for the exclusion thereof.  In some instances, regardless of whether the exhibit is a business record, the exhibit will be excluded if it is otherwise found to be inadmissible.  As such, the Court will now address each proffered email to determine its admissibility at this time.

**DX 11            Email thread from Edward Gaude to Ray Jahn**

A ruling on this objection is **DEFERRED** as there is no request for it to be pre-admitted.

**DX 22            Email thread from Nicolas Lirette to Brett Cocales**

The objection to the exhibit is **SUSTAINED**.  The Court finds that this document is not relevant.  During the *Daubert* hearing held on February 12, 2016, the Court indicated that any evidence concerning the general condition of the rig that does not involve equipment or subject matter that relates to the incident on April 10,2010 is not relevant.  Specifically, the only relevant material relates solely to the BOP and the failure of the battery and solenoid.  The Court finds that the overall condition of the rig is not relevant in this criminal proceeding.  Accordingly, the defendant is precluded from eliciting testimony or arguing to the jury about any irrelevant portions of any exhibit.

**DX 26**         **Email thread from DWH M**

The objection is **SUSTAINED** for the reasons articulated with respect to DX 22.

**DX 27**         **Email with attachment from Don Vidrine**

The objection is **SUSTAINED**. The document does not meet the standard required to constitute a business record standing alone. The attachment appears t have be created by a third party. Moreover, the document's relevance is not self-evident without context.

In the event Mr. Vidrine testifies, the parties may approach the bench, and the defendant may request the document be used to cross-examine Mr. Vidrine.

**DX 28**         **Email thread from James Kent to DWH SubSeaSup**

The objection is **SUSTAINED**. This document is sufficiently self-explanatory and meets the criteria of a business record; however, this exhibit may be used only by an expert on cross-examination or any witness with personal knowledge.

**DX 31**         **Email thread from Buddy Trahn to James Kent re: Horizon BOP Leak**

The objection is **SUSTAINED**. This document is sufficiently self-explanatory and meets the criteria of a business record; however, this exhibit may be used only by an expert on cross-examination or any witness with personal knowledge.

**DX 32**         Email Thread from Brett Cocales to Michael Bednarz

The objection is **SUSTAINED**. This document concerns technical issues and conditions the crew encountered while drilling and do not meet the criteria the Court has established as to relevant evidence in this criminal trial and is thus excludable under Fed. R. Evid. 401.

**DX 33**         Email from Ronald Sepulvado to John Guide re: BOP School

The objection is **SUSTAINED**. This exhibit does not meet the standard of being a business record.

**DX 34**         Email thread from Kathleen Halvorson Dory to John Guide re: neg test question

The objection is **OVERRULED**; however, this exhibit may only be used by an expert or on cross-examination of any witness with personal knowledge

**DX 35**         Email Thread from Laurent Delabroy to Erick Cunningham

The objection is **SUSTAINED**. This document concerns technical issues and conditions the crew encountered while drilling and do not meet the criteria the Court has established as to relevant evidence in this criminal trial and is thus excludable under Fed. R. Evid. 401. Moreover, this email is conversational in nature and does not meet the business record standard.

**DX 36        Email from Brett Cocales to Adam Salmi**

The objection is **OVERRULED**; however, this exhibit may only be used by an expert or on cross-examination of any witness with personal knowledge.

**DX 37        Email thread from Ian Little to David Sims re: Macondo Update**

The objection is **SUSTAINED**. This document concerns technical issues and conditions the crew encountered while drilling and do not meet the criteria the Court has established as to relevant evidence in this criminal trial and is thus excludable under Fed. R. Evid. 401. Moreover, the email is far too conversational to constitute a business record.

**DX 38        Email Thread from DWH SubSeaSup to DWH Maint Sup**

The objection is **OVERRULED**; however, this exhibit may only be used by an expert or on cross-examination of any witness with personal knowledge.

**DX 39        Email Thread from Kate Paine to Robert Bodek re: "Lesson Learned"**

The objection is **SUSTAINED** as it is unclear whether this document constitutes a business record. Kate Paine's email address does not appear to be an identifiable business email address and is different than those identified in the declaration. However the defendant may seek reconsideration at the appropriate time by approaching the bench and identifying who Kate Paine is. If the Court finds the email to be relevant and a business record, it may only be used by an expert who has reviewed the email and relied on it in formulating an opinion or in cross-examination of any witness with personal knowledge.

**DX 40**        Email from David Rainey to David Sims, et al. re: "Thank You"

The objection is **SUSTAINED**. This exhibit is not a business record.

**DX 41**        Email from Mark Hafle to Brian Morel re: Macondo Update

The objection is **OVERRULED** as to only the first email in the thread dated April 03 14:43:29 2010 from Brett Cocales and **SUSTAINED** as to the remaining portion of the thread. However, this exhibit may only be used by an expert or on cross-examination of any witness with personal knowledge.

**DX 42**        Email from Paul Johnson to John Guide re: Promotions

The objection is **OVERRULED**; however, the Court would note that it does not glean what relevance this document has.

**DX 43**        Email from Ricky Trichell to Robert Kaluza

The objection is **OVERRULED** and will be admitted with a proper limiting instruction that is that it is not being offered for the truth of the matter stated; rather, it is being admitted solely to establish the defendant's state of mind. Counsel are instructed to approach the bench to request that instruction at the appropriate time.

**DX 46**        Email Thread from Robert Kaluza to Tony Emmerson

The objection is **SUSTAINED**; this email is not a business record.

**DX 50**     Email Thread from Dianne Chmura to James Wilson

The objection is **OVERRULED**; this e-mail constitutes a business record.

**DX 53**     Email Thread from Mark Hafle to Richard Miller re: Macondo

The objection is **OVERRULED**; however, this exhibit may only be used by an expert or on cross-examination of any witness with personal knowledge.

**DX 54**     Email Thread from Brian Morel to Jade Morel

The objection is **SUSTAINED** as this document is not a business record; however, in the event, Mr. Morel is a witness, the defendant may use this document for cross-examination. Counsel shall approach the bench before doing so to seek reconsideration of this ruling on that basis.

**DX 58**     Email Thread from John Guide to Brett Cocales

The objection is **OVERRULED**; however, this exhibit may only be used by an expert or on cross-examination  of any witness with personal knowledge.

**DX 60**     Email Thread from Brett Cocales to Brian Morel

The objection is **OVERRULED**; however, this exhibit may only be used by an expert or on cross-examination of any witness with personal knowledge.

**DX 61          Email Thread from Robert kaluza to Don Vidrine re: Updated Procedure**

The objection is **SUSTAINED**. The email is not a business record and the attachment referenced, while it might be considered a business record, does not accompany the exhibit.

**DX 65          Email Thread from David Sims to John Guide**

The objection is **SUSTAINED**. The exhibit is not a business record and contains double hearsay.

**DX 67          Email Thread from Brian Morel to Mark Hafle, et al.**

The objection is **SUSTAINED**. The Court finds this email to be more conversational in nature than what would constitute a business record. The Court is aware of the thin and blurred line of what is a business record and what is not.

**DX 68          Email Thread from Brett Cocales to Brian Morel, et al.**

The objection is **SUSTAINED**; the email is more conversational in nature than what would constitute a valid business record.

**DX 70-76       Email Threads from Mark Hafle to Various People**

These objections are **SUSTAINED** as these exhibits are not a business records; however, they may be used for impeachment purposes should Mark Hafle testify. Prior to their use, counsel shall approach the bench.

**DX 79**  Email from Mark Hafle to John Shaughnessy

This objection is **SUSTAINED**.  The email is not relevant and is not a business record.

**DX 81**  Email from Robert kaluza to John Guide
**DX 82**  Email from Mark Hafle to Mark Hafle

Rulings on these two objections are **DEFERRED** as the defendant does not seek pre-admission.

**DX 95 Email Thread from Daigle to Guide**

The objection is **SUSTAINED**; the material is cumulative in nature and the bulk of the email is irrelevant.

The Court will now turn to the remaining objections.

**DX 13**  Transocean Well Control Event Stats

The objection is **SUSTAINED**.  There is no proof that this information was within the defendant's knowledge and is therefore irrelevant.

**DX 14  Deepwater Horizon Technical Rig Audit**

The objection is **SUSTAINED** in part and **OVERRULED** in part.  As previously noted, the Court has ruled that as to any audit exhibit, the only relevant evidence is that which involves equipment or subject matter that relates to the incident on April 10,2010.  Thus the only relevant material relates solely to the BOP and the failure of the battery and solenoid.  The overall

condition of the rig is not relevant in this criminal proceeding and evidence of that nature is excluded.

**DX 16          IADC Well Control Accreditation Certificate- Ronald Sepulvado**

The objection is **SUSTAINED** as this is hearsay; however, it can be admitted in the event Mr. Sepulvado testifies. The parties are encouraged to stipulate to the facts contained in this exhibit.

**DX 23,  24, 25, 45, 48 and 49          Audit Materials**

The objections are **MOOT** as stated in an e-mail from David Gerger received by the Court on February 15, 2016 at 2:38 p.m. as the defense has agreed to use these exhibits solely for what they say about the BOP.

**DX 29          Deep Water Horizon Daily Drilling Report No. 143**

The objection is **OVERRULED**; however, it may only be used in connection with the cross-examination of Mr. Vidrine.

**DX 44          End of Inspection Meeting**

The objection is **OVERRULED**; only if a witness with knowledge testifies to provide context to the issues of this trial and a proper foundation is laid.

**DX 90**         **WellSpace Log**
**DX 91**         **Enhanced Audio Version of Bob Kaluza Damon Bankston Interview**

Rulings on these objections are **DEFERRED** as there is no request for them to be pre-admitted.

**DX 92**         **Photographs–CGIR6914**

Ruling on this objection is **DEFERRED.**

New Orleans, Louisiana, this 15th day of February of 2016.

                                                **STANWOOD R. DUVAL, JR.**
                                **UNITED STATES DISTRICT COURT JUDGE**